# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Russell Macnow, Esq. – 020571993
Russell Macnow Attorney At Law, LLC
265 Route 34, Suite E
Colts Neck, NJ 07722
T (732) 780-0040
F (732) 780-0090
Attorneys for Plaintiff
Our File No.: C1771

| | |
|---|---|
| FIRST CLASS AUTO BODY, LLC d/b/a ALLSTATE AUTO COLLISION,<br><br>       Plaintiff,<br><br>v.<br><br>OMEGA FLEX, INC.,<br><br>       Defendant. | CIVIL CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, by way of Complaint against the defendant, hereby says:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

2. The amount in controversy exceeds $75,000.00.

### PARTIES

3. Plaintiff is a limited liability company of the State of New Jersey.

4. Defendant, Omega Flex, Inc., is a Pennsylvania Corporation with its principal place of business in Exton, Pennsylvania.

## FACTUAL BACKGROUND

5. At all times relevant hereto, plaintiff, First Class Auto Body, LLC d/b/a Allstate Collision, owned an auto body business located at 144 Cross Street, Lakewood, New Jersey.

6. At all times relevant hereto, defendant, Omega Flex, Inc., designed, engineered, manufactured, inspected, tested, marketed, sold, distributed and/or placed in the stream of commerce a product known as TracPipe corrugated stainless steel tubing (hereinafter "CSST") for use in the distribution of natural gas and/or propane in various applications including residential and commercial properties with the reasonable expectation that its product would be used in the State of New Jersey.

7. Prior to March 7, 2018, CSST was installed for the distribution of fuel gas at the referenced property.

8. Prior to March 7, 2018, defendant, Omega Flex, Inc., manufactured the CSST installed at the referenced property.

9. On or about March 7, 2018, a lightning strike occurred at or near the referenced property causing the CSST to fail resulting in a hole.

10. The hole allowed fuel gas to escape the CSST and ignite a substantial fire damaging the reference property.

## FIRST COUNT

11. Plaintiff repeats, reiterates and incorporates by reference the allegations contained in paragraphs 1 through 11 of the Complaint as if set forth at length herein.

12. Defendant, Omega Flex, Inc., is liable for losses and damages suffered by plaintiff pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et seq. for one or more of the following reasons:

a. Negligently designing, engineering, manufacturing, testing, marketing, distributing, selling and/or inspecting CSST and/or placing CSST into the stream of commerce;

b. Failing to observe and exercise a reasonable degree of care and skill in the design, engineering, manufacture, testing, marketing, distribution, sale and/or inspection of CSST and/or placing CSST into the stream of commerce;

c. Designing and/or manufacturing the CSST in a defective manner;

d. Failing to design, engineer, manufacture, test, market, distribute, sell and/or inspect CSST and/or place CSST into the stream of commerce so that it was safe and fit for its intended use;

e. Failing to insure that CSST could withstand and anticipate the levels of electrical activity generated by lightning strikes;

f. Failing to implement an appropriate bonding and/or grounding procedure in connection with the installation of CSST;

g. Failing to warn plaintiff, either pre or post sale, that the CSST piping was defective and could start a fire;

h. Failing to warn installers and/or distributors, either pre or post sale, that the CSST piping was defective and could start a fire;

i. Failing to stop the distribution of its CSST once it knew, and or should have known, that the CSST could fail when energized by lightning and cause a fire;

j. Failing to properly train and/or supervise its employees, agents, servants, contractors and all other representatives in the design, engineering, manufacture, testing, marketing, distribution, sale and/or inspection of the CSST piping so that it was safe and free from risk of fire;

k. Utilizing engineers, designers, laborers, consultants, contractors and/or employees who defendant, Omega Flex, Inc., knew, or in the exercise of due care, should have known were not properly trained to design, engineer, manufacture, test, inspect, sell, market and/or distribute CSST and/or place CSST into the stream of commerce;

l. Failing to design, engineer, manufacture, market, distribute, sell, test and/or inspect CSST and/or place CSST into the stream of commerce in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

m. Failing to discover, repair and/or correct the defect(s) and/or deficienc(ies) in the design, engineering, manufacture, packaging, testing, inspection, marketing, distribution and/or sale of CSST which may have caused the CSST to fail in the course of its normal and intended use;

n. Failing to design, engineer, manufacture, test, inspect, market, distribute and/or sell CSST and/or place the CSST into the stream of commerce in such a way as to not create a foreseeable risk of harm to people and or property;

o. Failing to provide installers, distributors, sales people and/or intended users with adequate instructions, warnings and/or information concerning the defect(s) and/or deficienc(ies) that caused the CSST to fail in the course of its normal and intended use; and,

p. Failing to properly design, engineer, manufacture, inspect, test, distribute, sell and/or market the CSST and/or place the CSST into the stream of commerce so as to insure its fitness and safety.

13. As a direct and proximate cause of the foregoing defects in the CSST, plaintiff was caused to sustain substantial damage to its business as a result of the March 7, 2018 fire.

**WHEREFORE**, plaintiff demands judgment against defendant, Omega Flex, Inc., for compensatory damages, consequential damages together with attorneys' fees, costs, prejudgment interest and such other relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that Russell Macnow, Esq., is hereby designated as trial counsel.

_____
Russell Macnow, Esq.
Russell Macnow Attorney at Law, LLC
Attorney for the Plaintiff

## CERTIFICATION NO OTHER ACTION PENDING

I certify, pursuant to Local Rule 11.2 that the matter in controversy is not the subject of any other action or arbitration proceeding, nor are they contemplated, and that to the best of my knowledge and information, no other parties should be joined in this action except as to the matters of Travelers Property Casualty Company of America a/s/o New Image Properties v. Omega Flex, Inc., Civil Action No. 3:20-cv-03203, New Image Properties, LLC v. Omega Flex, Inc., Civil Action No. 3:20-cv-03727, Selective Insurance Company of America as subrogee of Curnal, Inc. v. Omega Flex, Inc., , et al, Civil Action No. 3:20-cv-03721, and, First Class Auto Body LLC by their subrogee Westco Insurance Company v. Omega Flex, Inc., Civil Action No. 3:20-cv-06073.

_____
Russell Macnow, Esq.
Russell Macnow Attorney at Law, LLC
Attorney for Plaintiff

DATED: June 24, 2020